UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **JOHN ORLANDO WALKER** | * | **CIVIL ACTION NO. 17-1238** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **TRINITY RIVER ENERGY, LLP** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is a compound motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted [doc. # 16] filed by defendant, Trinity River Energy, L.L.C. (incorrectly sued as "Trinity River Energy, LLP") (hereinafter, "Trinity"). For reasons assigned below, it is recommended that the motion to dismiss for lack of subject matter jurisdiction be GRANTED, and that the motion to dismiss for failure to state a claim upon which relief can be granted be deemed MOOT.

## Background

On September 1, 2017, John Orlando Walker who is proceeding *pro se* and *in forma pauperis* in this matter, filed the instant complaint against Trinity in the United States District Court for the Middle District of Georgia.[1] Walker alleged that he is one of 205 heirs who own mineral rights and gas interests in Jackson Parish, as part of a 654.108 acre drilling unit called the LCV RA SUGG Unit. (Compl.). Trinity is the operator of the LCV RA SUGG Unit.

---

[1] Walker is presently housed at the Wilcox State Prison, Abbeville, Georgia.

Walker contends that Trinity refused to negotiate a mineral lease with him, and therefore, classified him as a working interest owner. He also alleged that Trinity withheld information concerning production, failed to produce data and an accounting for operations and expenses, and ultimately withheld royalty payments. Walker argues that, upon information and belief, Trinity secretly implemented a scheme to alter and conceal wellhead production data by arbitrarily reducing measured production volumes. Plaintiff believes that Trinity is not treating him the same as "a white land owner," and is taking advantage of his ancestry and economic situation to systematically preclude Walker from litigating against Trinity.

In his complaint, Walker enumerated claims for denial of contract, fraud, conversion, breach of implied covenant of good faith and fair dealing, discrimination, unjust enrichment, violation of the Texas Deceptive Trade Practices Act, a demand for an accounting, a request for a security interest and statutory lien, and a declaratory judgment demand. Walker seeks an agreement and/or a contract, compensation, forfeiture of profits, an accounting, and all other equitable and declaratory relief to which he is entitled.

On September 27, 2017, the Georgia court reviewed the case, and *sua sponte* held that venue was improper in that court, and instead transferred the case to this court where the subject well and mineral interests are located. (Order [doc. # 3]). On December 19, 2017, this court ordered service on Trinity. (Dec. 19, 2017, Order [doc. # 10]).

On January 25, 2018, Trinity filed the instant motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Plaintiff did not file a response, and the time to do so has lapsed. *See* Notice of Motion Setting [doc. # 18]. Thus, the motion is deemed unopposed. *Id*.

## Law and Analysis

Before reaching the merits of a case, federal courts are obliged to ensure that they enjoy subject matter jurisdiction to hear the matter. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431, 127 S.Ct. 1184, 1191 (2007); *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999) (courts must examine the basis for the exercise of federal subject matter jurisdiction). This practice ensures that a court without jurisdiction does not end up "prematurely dismissing a case with prejudice." *See In Re: Fema Trailer Formaldehyde Products Liability Litigation (Mississippi Plaintiffs), In Re: Fema Trailer Formaldehyde Products Liability Litigation (Alabama Plaintiffs)*, 668 F.3d 281 (5th Cir. 2012) (citation omitted). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

"A court can find that subject matter jurisdiction is lacking based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."

*Enable Mississippi River Transmission, L.L.C. v. Nadel & Gussman, L.L.C.*, 844 F.3d 495, 497 (5th Cir.2016) (citations and internal quotation marks omitted).

In the case *sub judice*, plaintiff alleges that the court enjoys subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1343, and 1367, plus the Texas Deceptive Trade Practices Act. (Compl., ¶ 4). As an initial matter, the Texas Deceptive Trade Practices Act – a state law – does not confer federal subject matter jurisdiction. Further, 28 U.S.C. § 1367 – the federal *supplemental* jurisdiction statute – does not confer jurisdiction over state law claims unless the district court enjoys original jurisdiction over at least one other claim. In addition, jurisdiction under 28 U.S.C. § 1343 is subsumed within the federal question jurisdiction statute, 28 U.S.C. § 1331. *Harris v. McDonald's Corp.*, 901 F. Supp. 1552, 1556–57 (M.D. Fla.1995) (§ 1331 alone suffices to establish jurisdiction over civil rights issues without invoking § 1343 because § 1331 is more comprehensive in scope between the two, and encompasses the subject matter of § 1343).[2] In effect, that leaves only §§ 1331 and 1332 as potential sources of original jurisdiction. The court will address the latter statute first.

The diversity jurisdiction statute, 28 U.S.C. § 1332, requires an amount in controversy greater than $75,000, and complete diversity of citizenship between plaintiff and defendants, 28 U.S.C. § 1332. Here, plaintiff did not allege in his complaint that the amount in controversy exceeds $75,000. *See* Compl. Even if he had, Trinity has adduced uncontroverted evidence

---

[2] Section 1343 used to enjoy a more important role when § 1331 included a minimum jurisdictional amount. *Id*.. (citing ERWIN CHEMERINSKY, FEDERAL JURISDICTION 249 (2d ed. 1994)). Of course, § 1331 no longer includes a minimum amount in controversy, and therefore, § 1343 largely proves redundant. *Id*.

establishing that plaintiff's interest in the subject tracts of land is de minimis,[3] and consequently, that it is legally certain that the amount in controversy does not exceed the jurisdictional threshold for the exercise of diversity jurisdiction.[4]

Furthermore, the diversity jurisdiction statute presupposes a civil action between "citizens of different states," where all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332; *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). When jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, supra* (citation omitted) (emphasis in citing source); *see also*, *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference). This rule requires "strict adherence." *Getty Oil, supra*.

Here, plaintiff alleges that Trinity is a Texas "corporation," with its principal place of business in Texas. (Compl., ¶ 3). However, plaintiff identified Trinity as an "LLP," which ordinarily is an abbreviation for a limited liability partnership. *Id.* The citizenship of a limited partnership is determined by the citizenship of all of the partners. *Carden v. Arkoma Associates*, 494 U.S. 185, 195, 110 S. Ct. 1015, 1021 (1990). The complaint does not affirmatively allege Trinity's partners or their citizenship.

In any event, Trinity states that it was wrongly named, and that it is a limited liability

---

[3] *See* Affidavit of Gary DeGrange; M/Dismiss, Exh. A.

[4] "[I]f, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-90, 58 S. Ct. 586, 590-91 (1938).

company ("LLC"), not a limited partnership. *See* M/Dismiss and Corp. Discl. Statement. For purposes of diversity, the citizenship of an LLC is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Moreover, for each member of an LLC that is itself an LLC or partnership, its members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations. *Lewis v. Allied Bronze, LLC*, 2007 WL 1299251 (E.D. N.Y. May 2, 2007); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship "down the various organizational layers"); *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363, *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be"). Here, plaintiff does not allege Trinity's members or their citizenship.

In short, plaintiff's complaint not only fails to allege that the amount in controversy exceeds $75,000, it also does not establish requisite diversity of citizenship. Therefore, the court does not enjoy federal subject matter jurisdiction, via diversity, 28 U.S.C. § 1332.

The court also does not discern a colorable federal question on the face of plaintiff's complaint. "[F]ederal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 474, 118 S.Ct. 921, 925 (1998) (citations omitted). Section 1331 jurisdiction is properly invoked when plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 126 S.Ct. 1235 (2006). A district court should dismiss the case where "it appears certain that the plaintiff cannot prove a

plausible set of facts that establish subject-matter jurisdiction." *Venable v. Louisiana Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir.2013).

At best, plaintiff's conclusory allegations of discrimination and that Trinity refused to enter into a contract with him appear to implicate 42 U.S.C. § 1981, which provides that "[a]ll persons ... shall have the same right ... to make and enforce contracts ... as is enjoyed by white citizens." 42 U.S.C. § 1981. To state a § 1981 claim, plaintiff must show: "(1) that [he is] a member of a racial minority; (2) that [the defendant] had intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute . . ." *Singleton v. St. Charles Par. Sheriff's Dep't*, 306 Fed. Appx. 195, 197–98 (5th Cir.2009) (citation omitted). However, as a district court in Texas recently held in a prior suit brought by another Walker co-heir against Trinity,

> [p]laintiff fails to allege any facts in his complaint demonstrating discrimination or the intent to discriminate on the basis of race, and further fails to allege facts showing racial discrimination concerning a specific activity. Plaintiff's bare assertions of violations of his due process . . . rights, along with the fact that he is of African ancestry, are insufficient pleadings and facts to support a plausible claim for relief under 42 U.S.C. § 1981.

*Walker v. Trinity Oil & Gas Co.*, No. 16-0098, 2016 WL 7745174, at *3 (N.D. Tex. Dec. 12, 2016), R&R adopted, 2017 WL 131824 (N.D. Tex. Jan. 13, 2017) (citations omitted). The foregoing analysis applies with equal force here,[5] and propels the court's conclusion that plaintiff has not asserted a colorable non-frivolous federal claim that would support the exercise of federal question jurisdiction.

In the absence of any colorable basis for the exercise of original subject matter

---

[5] In the Texas *Walker* case, the court addressed additional federal claims on the merits. In that case, however, the plaintiff amended his complaint to assert specific federal remedies. *See Walker, supra*. Plaintiff here, did not.

7

jurisdiction, the court cannot exercise supplemental jurisdiction. *Cohen v. Postal Holdings*, LLC, 873 F.3d 394, 399 (2d Cir.2017). Dismissal is required. Fed.R.Civ.P. 12(b)(1).

Having determined that this court lacks subject matter jurisdiction to entertain this matter, the court cannot reach the merits-based Rule 12(b)(6) component of Trinity's motion to dismiss as it relates to plaintiff's state law claims because "[w]ithout jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case." *Sinochem Intern. Co. Ltd., supra*; (citation and internal quotation marks omitted); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir.2016) (in the absence of subject matter jurisdiction, the court is unable to reach a merits-based Rule 12(b)(6) motion).

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that defendant's motion to dismiss for lack of subject matter jurisdiction [doc. # 16] be GRANTED, and that plaintiff's complaint be DISMISSED, without prejudice. Fed.R.Civ.P. 12(b)(1).

IT IS FURTHER RECOMMENDED that defendant's motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 16] be deemed MOOT, because this court is without jurisdiction to decide it.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or

response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 22nd day of March 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE